UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS VILLANUEVA ABARCA (A# 222-557-113), et al.,<br>Petitioners,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-03630 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioners are federal immigration detainees who filed this habeas corpus action through counsel pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioners are seven citizens and nationals of Mexico currently detained at the California City Correctional Center, within this judicial district: (1) Dennis Villanueva Abarca (A# 222-557-113); (2) Felipe Hernandez Lucas (A# 221-248-871); (3) Raul Ramos Trinidad (A# 222-557-103); (4) Ramiro Sanchez Serrano (A# 205-788-003); (5) Eusevio Santos Cordoba (AKA Usavio Santos Cordeban) (A# 222-557-087); (6) Jose Guadalupe Camacho Ordonez (A# 222-557-143); and (7) Marcelo Alcala Hernandez (A# 222-557-356). ECF No. 1 at 3-4, ¶¶ 8-14, 17. All seven entered the United States without inspection and resided within the interior of the country for at

least twenty years before their arrests by Immigration and Customs Enforcement ("ICE") in different cities across Utah in April or May of 2026. Id. at 3, ¶ 7. Petitioners state that they have no criminal records. Id. at 11, ¶ 83.

Petitioners filed this § 2241 petition on May 11, 2026, asserting that Respondents are unlawfully subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1. The petition raises three causes of action: (1) Violation of the Immigration and Nationality Act ("INA"); (2) Violation of the Due Process Clause of the Fifth Amendment (Procedural Due Process); and (3) Violation of the Due Process Clause of the Fifth Amendment (Substantive Due Process). Id. at 20-23, ¶¶ 132-155. By way of relief, Petitioners request, *inter alia*, their immediate release if they are not given bond hearings within seven days of an order granting their petition. Id. at 23.

Respondents filed two responsive pleadings. First, Respondents filed a motion to sever or dismiss the petition for improper joinder. ECF No. 7. They argue that an "individual as-applied due process-based habeas relief is not jointly available because each individual detainee's circumstance is different," and specifically allege that the detention of two of the Petitioners, Dennis Villanueva Abarca and Jose Guadalupe Camacho Ordonez, is governed by U.S.C. § 1226(c). Id. at 1-2. Respondents claim Villanueva Abarca is detained under § 1226(c)(1)(A) on account of two August 7, 2007, convictions for fraud under Utah Code § 76-6-1102 that constitute crimes involving moral turpitude ("CIMT") under 8 U.S.C. § 1182(a)(2)(A)(i)(I). ECF No. 8 at 3-4. Respondents assert Camacho Ordonez's April 28, 2026, arrest for domestic violence and assault fall within § 1226(c)(1)(E), as amended by the Laken Riley Act ("LRA"). ECF No. 7 at 2; ECF No. 8 at 5; ECF No. 8-8 at 2. The undersigned addresses the Parties' severance arguments at length below.

Respondents also filed a response/motion to dismiss the petition on its merits. ECF No. 8. Respondents again dispute that Petitioners Villanueva Abarca and Camacho Ordonez lack criminal records and maintain that their mandatory detention is authorized by § 1226(c). ECF No. 8 at 3-5. Respondents further argue that if Petitioners wish to challenge the applicability of § 1226(c) to their offenses, they must exhaust administrative remedies through a hearing pursuant

to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999). Id. at 2-3. Citing the minority-view of cases, Respondents argue the remaining five Petitioners are applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 6 (citing Buenrostro-Mendez v. Bondi, et al.,166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128, 1133 (8th Cir. 2026)). Id. at 4-6.

The crux of Petitioners' merits argument on reply is that Respondent's application of both § 1226(c) and § 1225(b)(2) to seven, similarly situated noncitizens is internally contradictory. "The Government is arguing an impossibility: that Villanueva and Camacho must exhaust their § 1226(c) objections before an Immigration Judge ("IJ") who (due to the Government's 1225(b)(2)(A) theory) has no jurisdiction to hear or consider them." ECF No. 10 at 4. Petitioners then dispute at length Respondents' contention that § 1226(c) applies to Villanueva Abarca and Camacho Ordonez. Id. at 5-11. Addressing Respondents' invocation of § 1225(b)(2), Petitioners argue that, *inter alia*, Respondents' position is inconsistent with the statute and the weight of cases in this judicial district. Id. at 11-12. Finally, Petitioners reiterate that the remedy they seek is "a hearing, not release outright, and that remedy is common to all." Id. at 17.

The undersigned will turn first to Respondents' motion to dismiss or sever the petition for improper joinder before turning to the Parties' arguments on the merits of the petition

## DISCUSSION

### I. Motion To Dismiss or Sever Petition for Improper Joinder

Respondents again seek to dismiss or sever the petition on grounds the Petitioners raise factually distinct, as-applied challenges to their detention. ECF No. 7. In opposition, Petitioners urge the Court to apply Federal Rule of Civil Procedure 20 and argue that the factual similarities between their cases and their shared "core claim"—i.e., that they are detained under § 1225(b)(2) pursuant to the BIA's decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), which is contrary to the INA and Constitution—satisfy the Rule's requirements. ECF No. 9.

The undersigned agrees that Rule 20 governs Respondents' motion:

> The Habeas Rules do not specifically address whether individuals may jointly file a habeas petition. The Court therefore considers whether joinder is appropriate under the

> Federal Rules of Civil Procedure. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). See also Habeas Rule 1(b) (providing that a "district court may apply any or all of these rules" to Section 2241 petitions).
>
> Federal Rule of Civil Procedure 20 provides that plaintiffs "may join together in one action" where: (1) "any right to relief [is asserted] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). "Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotation marks omitted).
>
> "District courts retain broad discretion in applying Rule 20." Colors of India v. Nielsen, No. 18-cv-4070-MWF-AS, 2018 WL 6430118, at *3–4 (C.D. Cal. Oct. 19, 2018). The propriety of permissive joinder must be assessed on a case-by-case basis. "On the whole, '[t]he transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests,' but rather 'are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy.'" Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110, 1187–88 (C.D. Cal. 2015) (quoting 7 Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1653 (3d ed. 2014)); Corley v. Google, Inc., 316 F.R.D. 277, 282 (N.D. Cal. 2016) ("The rules regarding permissive joinder are 'to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes.' ") (quoting League to Save Lake Tahoe v. Tahoe Reg. Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977)).

Camayo v. Warden Mesa Verde Det. Ctr., No. 1:26-CV-02150-DAD-DMC, 2026 WL 799999, at *1–2 (E.D. Cal. Mar. 23, 2026) (quoting Hernandez Hernandez, et al., v. Janecka, et al., No. 5:26-cv-00710-MBK, 2026 WL 734524, at *4 (C.D. Cal. Mar. 4, 2026)). Rule 21 of the Federal Rules of Civil Procedure further clarifies that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party[.]" Id.

Several judges of this judicial district have noted that the joinder under Rule 20 of

multiple immigration detainees in a single § 2241 petition furthers the interests of judicial economy:

> [G]iven the extremely high volume of immigration habeas cases in this District and the similarity of issues in hundreds of cases, judicial economy weighs heavily in favor of permitting similarly situated petitioners to join in a single action when respondents do not point to any relevant factual or legal distinctions between the petitioners' claims.

Singh v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-00353-KES-EPG, 2026 WL 388738, at *2 (E.D. Cal. Feb. 11, 2026).

> [I]t is not unprecedented for a district court to issue injunctive relief to multiple immigration detainees joined into one habeas Petition. See Ortuno v. Jennings, No. 20-CV-02064-MMC, 2020 WL 1701724, at *1 (N.D. Cal. Apr. 8, 2020). In addition, the Court agrees with Petitioners that the allegations in this habeas case involve a "systemic pattern of events" that is common to all Petitioners. Moreover, nothing in the record suggest joinder would run afoul of "fundamental fairness" or would result in prejudice to either side. Here, to the contrary, this case has efficiently brought the claims of six Petitioners before the Court.

Espinoza v. Kaiser, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *9 (E.D. Cal. Sept. 5, 2025).

Here, joinder of five of the Petitioners—Felipe Hernandez Lucas, Raul Ramos Trinidad, Ramiro Sanchez Serrano, Eusevio Santos Cordoba, and Marcelo Alcala Hernandez—satisfies Rule 20 and furthers the interests of judicial economy. All five individuals entered the United States without inspection over two decades ago and are held without bond pursuant to the government's position—which, as explained below, the majority of courts within this Circuit have rejected—that they are "applicants for admission" under 8 U.S.C. § 1225(b)(2). Respondents do not identify any meaningful factual or legal differences between their cases. Accordingly, the undersigned will deny the motion to sever as to these five Petitioners and will address the merits of their claims below.

However, the undersigned finds that joinder of Petitioners Villanueva Abarca and Camacho Ordonez is improper. As is evident in the Parties' briefing, there are contested factual and legal questions as to the applicability of § 1226(c) to their respective cases that are not

common to all Petitioners. For example, in their merits briefs, the Parties dispute whether Villanueva Abarca's 2007 convictions fall within the "petty-theft exception" at 8 U.S.C. § 1182(a)(2)(A)(ii), and whether Camacho Ordonez's April 2026 arrest meets the elements of the LRA. These specific, contested questions, as well as the Parties' related exhaustion arguments, are best resolved in separate severed actions.[1] Cf. Camayo, 2026 WL 799999, at *2 (E.D. Cal. Mar. 23, 2026) (denying motion to sever where Respondents only "vaguely argue that petitioners . . . may be subject to different authority applicable to their current detention.").

Accordingly, the undersigned recommends that Respondents' motion to sever be granted in part and Petitioners Villanueva Abarca and Camacho Ordonez be severed from this action. It is further recommended that the Clerk of the Court be directed to open two separate habeas actions for Petitioners Villanueva Abarca and Camacho Ordonez, respectively.

## II. Petitioners' Statutory INA Claim

### A. Legal Standard

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Supreme Court described the detention statutes at issue in this case, 8 U.S.C. § 1225 and 8 U.S.C. § 1226, in some detail in Jennings, 583 U.S. 281:

> To implement its immigration policy, the Government must be able to decide (1) who may enter the country and (2) who may stay here after entering.
>
> That process of decision generally begins at the Nation's borders and ports of entry, where the Government must determine whether a[] [non-citizen] seeking to enter the country is admissible. Under [] 8 U.S.C. § 1225, [a non-citizen] who "arrives in the United States," or

[1] In arguing against severance, Petitioners claim that the applicability of § 1225(b)(2) is the common question of law and any issues as to application of § 1226(c) can be resolved by an immigration judge at the bond hearing ordered by this Court. ECF No. 9 at 7. But under § 1226(c), "a noncitizen is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023); see also Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) ("Section 1226(c) . . . carves out a statutory category of aliens who may *not* be released under § 1226(a).") (emphasis in original). Thus, the Court cannot grant § 1226(a) bond hearings to Petitioners Villanueva Abarca or Camacho Ordonez without first determining whether § 1226(c) applies.

"is present" in this country but "has not been admitted," is treated as "an applicant for admission." Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law. § 1225(a)(3).

As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). Section 1225(b)(1) applies to [non-citizens] initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)). Section 1225(b)(1) also applies to certain other [non-citizens] designated by the Attorney General in his discretion. See 8 U.S.C. § 1225(b)(1)(A)(iii). Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here). See §§ 1225(b)(2)(A), (B).

Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain [non-citizens]. [Non-citizens] covered by § 1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) [non-citizen] "indicates either an intention to apply for asylum ... or a fear of persecution," then that [non-citizen] is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the [non-citizen] has a credible fear of persecution, "the [non-citizen] shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). [Non-citizens] who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those [non-citizens] "shall be detained for a [removal] proceeding" if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country. 8 U.S.C. § 1225(b)(2)(A).

. . . .

Even once inside the United States, [non-citizens] do not have an absolute right to remain here. For example, [a non-citizen] present in the country may still be removed if he or she falls "within one or more ... classes of deportable [non-citizens]." 8 U.S.C. § 1227(a). That includes [non-citizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).

Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal. Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] "pending a decision on whether the [non-citizen] is to be removed from the United States." § 1226(a). "Except as provided in subsection (c) of this section," the Attorney General "may release" [a non-citizen] detained under § 1226(a) "on ... bond" or "conditional parole."

Id. at 286-89 (footnote omitted).[2]

**B. Analysis**

The undersigned turns first to the non-severed Petitioners' claim that their ongoing detention without a bond hearing violates the INA. Respondents' argument that Petitioners are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority viewpoint in this Circuit. See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

> Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States. See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025).

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025); see also Gutierrez v. Chesnut, No. 1:25-CV-01515-DAD-AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) (observing that "[n]umerous district courts have held that § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE," and collecting cases). The undersigned agrees with this analysis and follows the majority view in finding that the applicable statute governing the non-severed Petitioners' detention here is § 1226(a), and not § 1225(b)(2).

---

[2] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

The undersigned also notes the increasing body of appellate case law outside the Ninth Circuit on this issue. The undersigned declines to follow the cases cited by Respondents, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), for the reasons articulated in De La Paz Salazar, et al. v. Noem, No. 1:26-cv-0899 DC SCR, 2026 WL 915128, at *4 (E.D. Cal. Apr. 3, 2026). The undersigned instead finds persuasive the Second Circuit's extensive analysis in Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026). See also Hernandez Alvarez v. Warden, Federal Detention Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026) (holding that § 1226(a) governs detention of "unadmitted [non-citizens] found in the interior of the United States" and that such non-citizens "are eligible for bond while they go through immigration proceedings"); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) (holding that § 1226(a) governs detention of individuals who entered without inspection but are arrested in the interior of the United States).

Having determined that the non-severed Petitioners are subject to the discretionary detention scheme in § 1226(a), the undersigned concludes that Respondents are violating the INA by detaining them without bond hearings. Section 1226(a) expressly authorizes release on bond and its authorizing regulations provide for IJs judges to convene bond hearings. After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, Petitioners are entitled to their requested relief of bond hearings before an IJ.[3] Because relief is warranted on their statutory INA claim, the undersigned need not

---

3 Although Petitioners' do not seek their immediate release, the undersigned notes that several judges within this judicial district have ordered that remedy where Respondents similarly did not assert any alternative basis for the petitioners' detention, and do not provide any extenuating circumstances that would warrant the petitioners' continued unlawful detention pending a bond hearing. See, e.g. Valencia Cardenas v. Chestnut, No. 1:26-CV-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026); Maciel v. Noem, No. 1:26-cv-01318-DC-CKD (HC), 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026).

reach their constitutional claims. See Anchustegui v. Dep't of Agric., 257 F.3d 1124, 1129 (9th Cir. 2001).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to sever or dismiss for improper joinder (ECF No. 7) be GRANTED IN PART and DENIED IN PART as follows:

   a. Petitioners Dennis Villanueva Abarca (A# 222-557-113) and Jose Guadalupe Camacho Ordonez (A# 222-557-143) be severed from this action pursuant to Fed. R. Civ. P. 21.

   b. The Clerk of the Court be directed to:

      i. Open two separate 28 U.S.C. § 2241 habeas actions for Petitioners Dennis Villanueva Abarca (A# 222-557-113) and Jose Guadalupe Camacho Ordonez (A# 222-557-143), respectively, against Respondents Christopher Chestnut, Orestes Cruz, Todd Lyons, Markwayne Mullin, and Daren K. Margolin;

      ii. Assign the two new actions to the District Judge and Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

      iii. File and docket, with the same effective dates as in this action, a copy of Petitioners' petition for writ of habeas corpus (ECF No. 1) dated May 11, 2026, and this order in each of the new actions; and

      iv. Update the docket in this action to reflect the severance of Petitioners Villanueva Abarca and Camacho Ordonez.

   c. The motion be DENIED as to the remaining five Petitioners.

2. Respondents' motion to dismiss (ECF No. 8) be DENIED;

3. Petitioners' writ of habeas corpus (ECF No. 1) be granted on Count 1 (Violation of the INA) and Respondents be ordered to release the following non-severed Petitioners if they are not provided with a bond hearing within seven days of any order adopting these findings and

recommendations:

a. Felipe Hernandez Lucas (A# 221-248-871);

b. Raul Ramos Trinidad (A# 222-557-103);

c. Ramiro Sanchez Serrano (A# 205-788-003);

d. Eusevio Santos Cordoba (AKA Usavio Santos Cordeban) (A# 222-557-087); and

e. Marcelo Alcala Hernandez (A# 222-557-356).

4. The Clerk of the Court be directed enter judgment in Petitioners' favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE