UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS VILLANUEVA ABARCA, et al.,

Petitioners,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-03630-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING IN PART MOTION TO SEVER OR DISMISS, DENYING MOTION TO DISMISS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 7, 8, 11)

Petitioners Dennis Villanueva Abarca, Felipe Hernandez Lucas, Raul Ramos Trinidad, Ramiro Sanchez Serrano, Eusevio Santos Cordoba, Jose Guadalupe Camacho Ordonez, and Marcelo Alcala Hernandez are federal immigration detainees proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2026, the assigned magistrate judge issued findings and recommendations recommending that respondents' motion to sever or dismiss for improper joinder (Doc. No. 7) be granted in part and that petitioners' petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 11.) Specifically, the magistrate judge found that petitioners Dennis Villanueva Abarca and Jose Guadalupe Camacho Ordonez were improperly joined within the meaning of Federal Rules of Civil Procedure 20 and 21 because there were contested factual and legal

questions regarding the applicability of mandatory detention pursuant to 8 U.S.C. § 1226(c) in their respective cases that are not common to the cases of the other petitioners. (*Id.* at 3–6.) However, the magistrate judge found that the remaining five petitioners are in substantially similar positions without meaningful factual or legal differences between their cases, and that accordingly Federal Rule of Civil Procedure 20 and the interests of judicial economy authorize joinder of their cases. (*Id.*) The magistrate judge then found that those five petitioners were improperly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 6–9.) The magistrate judge recommended that those five petitioners be provided with a bond hearing because they did not request immediate release, but did note the factual circumstances of this case were akin to cases where this court has typically ordered immediate release. (*Id.* at 9–10.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 11.) To date, no parties have filed objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis to the extent that they conclude that petitioners are not properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and to the extent that they conclude that petitioners Abarca and Camacho Ordonez may be subject to detention pursuant to 8 U.S.C. 1226(c). However, the court declines to adopt the findings and recommendations as to joinder of five petitioners and as to the appropriate remedy as to petitioners Lucas, Trinidad, Serrano, Cordoba, or Hernandez.

First, regarding the recommendation that petitioners Lucas, Trinidad, Serrano, Cordoba, and Hernandez's petitions be joined in a single action, "Rule 20(a) of the Federal Rules of Civil Procedure permits plaintiffs to join in a lawsuit if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." *Johnson v. High Desert State Prison*, 127 F.4th 123, 134 (9th Cir. 2025). Petitioners have not shown that their detentions arose from the same transaction or occurrence or series of transactions or occurrences. Petitioners' argument is that

petitioners were "arrested by the same agency . . . in the same state over the course of approximately four weeks." (Doc. No. 9 at 8.) This simply does not show that their detentions occurred from the same transaction: Indeed, such a theory would permit the joinder of dozens of petitions currently pending before the Eastern District of California right now. When the undersigned has previously permitted joinder of two petitioners bringing petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241, those two petitioners had been brothers who entered the United States on the same date and were detained during the same immigration enforcement action. *Camayo v. Warden Mesa Verde Det. Ctr.*, No. 1:26-cv-02150-DAD-DMC, 2026 WL 799999, at *1 (E.D. Cal. Mar. 23, 2026). Those facts are not present in this action and petitioners have not identified any authority in which petitioners who were arrested at different times in different places could join in a single petition. Accordingly, the court will grant respondents' motion to sever this action. This action will proceed solely on petitioner Felipe Hernandez Lucas's petition for writ of habeas corpus.

The court now addresses the appropriate remedy as to petitioner Felipe Hernandez Lucas's petition for writ of habeas corpus. As the findings and recommendations correctly note (Doc. No. 11 at 9, n.3), the circumstances of petitioner Lucas's detention are substantially similar to prior cases where the undersigned has ordered immediate release. *See Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026). Although petitioners do not explicitly request immediate release in their petition, they do request "any other and further relief that this Court deems just and proper." (Doc. No. 1 at 24.) "Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (internal citation omitted). In light of the traditional habeas remedy being release from custody and because petitioner Lucas requests any relief the court deems just and proper, the court finds that immediate release is the appropriate relief for petitioner Lucas. The court also notes that this reasoning applies with equal force to petitioners Trinidad, Serrano, Cordoba, and Hernandez. Accordingly, the court will issue an order in those petitioners' severed petitions granting immediate release following the docketing of those severed actions.

For the reasons above,

1. The findings and recommendations issued on June 24, 2026 (Doc. No. 11) are ADOPTED IN PART;

2. Respondents' motion to sever or dismiss for improper joinder (Doc. No. 7) is GRANTED as follows:

   a. Petitioners Dennis Villanueva Abarca, Raul Ramos Trinidad, Ramiro Sanchez Serrano, Eusevio Santos Cordoba, Jose Guadalupe Camacho Ordonez, and Marcelo Alcala Hernandez are SEVERED from this action pursuant to Federal Rule of Civil Procedure 21;

   b. This action proceeds only on petitioner Felipe Hernandez Lucas's petition for writ of habeas corpus;

   c. The Clerk of the Court is directed to open six separate 28 U.S.C. § 2241 habeas actions for petitioners Dennis Villanueva Abarca, Raul Ramos Trinidad, Ramiro Sanchez Serrano, Eusevio Santos Cordoba, Jose Guadalupe Camacho Ordonez, and Marcelo Alcala Hernandez respectively, against respondents Christopher Chestnut, Orestes Cruz, Todd Lyons, Markwayne Mullin, and Daren K. Margolin;

   d. The Clerk of the Court is directed to assign the six new actions to District Judge Dale A. Drozd and Magistrate Judge Sean C. Riordan and to make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   e. The Clerk of the Court is directed to docket a copy of this order, a copy of the June 24, 2026 findings and recommendations (Doc. No. 11) and a copy of petitioners' petition for writ of habeas corpus (Doc. No. 1) in each of the new actions;

   f. The Clerk of the Court is directed to update the docket in this action to reflect the severance of petitioners Dennis Villanueva Abarca, Raul Ramos Trinidad, Ramiro Sanchez Serrano, Eusevio Santos Cordoba, Jose

Guadalupe Camacho Ordonez, and Marcelo Alcala Hernandez;

2. Petitioner Felipe Hernandez Lucas's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondents are ORDERED to immediately release petitioner Felipe Hernandez Lucas, A-File No. 221-248-871, from respondents' custody;

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner Lucas unless they provide petitioner Lucas with notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

3. Respondents' motion to dismiss (Doc. No. 8) is DENIED;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner Lucas and close this case.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE